UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KHAJA M.M. KHADER, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 4632 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) | |
| MICROSOFT CORP., FACEBOOK, and VALVE | ) | |
| CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Khaja M.M. Khader alleges in this *pro se* suit that Samsung Electronics America, Inc., Microsoft Corp., Facebook, and Valve Corp. failed to warn him of the risk of seizures from using a virtual reality headset. Doc. 1. Microsoft has not appeared, and the docket does not reflect that it has been served. Samsung, Microsoft, and Valve move separately under Civil Rule 12(b)(6) to dismiss the claims against them, Docs. 20, 26, 29, and Valve moves under Rule 12(b)(5) to dismiss for insufficient service of process, Doc. 26. Valve's Rule 12(b)(5) motion is denied, and the court extends Khader's time to effectuate service on Valve to February 25, 2022. The Rule 12(b)(6) motions are granted, though Khader will be given a chance to replead.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set

1

forth in Khader's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Khader as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Khader alleges that he used a Samsung Odyssey Plus virtual reality headset in September 2019, which caused him to experience a seizure the following morning. Doc. 1 at ¶¶ 2, 4; Doc. 11 at p. 14, ¶ 1; Doc. 34 at 6-7. He further alleges that Defendants concealed the seizure risks of using the Odyssey Plus. Doc. 1 at ¶ 6 ("Samsung never stated that Samsung Odyssey and Samsung Odyssey Plus can cause seizures … ."); *id*. at ¶ 11 ("It is very clear that the said manufacturers in question are suppressing the information that the seizures can happen and a person can faint during seizures, after few hours or after few days … ."). Samsung and Microsoft are alleged to have jointly developed or manufactured the Odyssey Plus. *Id*. at ¶¶ 6-7; Doc. 34 at 11, 15, 20.

## Discussion

Valve moves to dismiss under Rule 12(b)(5) for ineffective service of process. Doc. 26. Khader fails to respond, Docs. 34-35, thereby forfeiting the issue. *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss."); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) ("[E]ven pro se litigants … must expect to file a legal argument and some supporting authority.") (second alteration in original). Considering "the relative hardships of the parties," however, the court exercises its discretion under Rule 4(m) to extend to February 25,

2022, the time for Khader to serve Valve. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011). Khader apparently has attempted service in good faith, Doc. 12 at ¶ 2, Valve received actual notice of this suit, and an extension would not prejudice it. *See Cardenas*, 646 F.3d at 1006-07 (holding that relevant factors under Rule 4(m) include the "harm to defendant's ability to defend," its "receipt of actual notice," and "whether [the plaintiff] diligently pursued service during the allotted period").

That said, Khader has not stated a claim against Valve. The complaint makes no allegations specifically regarding Valve, and Khader's opposition brief does not explain how Valve is plausibly responsible for any deficiency in the Odyssey Plus's seizure warnings. Accordingly, Khader's claims against Valve are dismissed. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Khader also fails to state a viable claim against Samsung or Microsoft. Even construing Khader's *pro se* complaint liberally, *see Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), and drawing all reasonable inferences in his favor, the pleadings do not plausibly "show[] that [he] is entitled to relief" against Samsung or Microsoft, Fed. R. Civ. P. 8(a)(2).

Although the complaint does not (and need not) set forth legal theories, the court infers two possible causes of action: failure-to-warn products liability, and fraudulent concealment. "Under a failure to warn theory, a plaintiff must demonstrate that the manufacturer did not

disclose an unreasonably dangerous condition or instruct on the proper use of the product as to which the average consumer would not be aware." *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 109 (Ill. App. 2010); *see Kelso v. Bayer Corp.*, 398 F.3d 640, 642 (7th Cir. 2005) (holding that a failure-to-warn claim was defeated by a "clear and unambiguous" warning). Similarly, a fraudulent concealment claim requires that "the defendant [have] concealed a material fact." *D'Attomo v. Baumbeck*, 36 N.E.3d 892, 912 (Ill. App. 2015); *see Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) ("[A] plaintiff must allege that the defendant intentionally omitted or concealed a material fact … .").

The claims against Samsung fail because Samsung disclosed the risk of seizures in 2018, well before Khader used the Odyssey Plus in September 2019. Specifically, the Odyssey Plus's user manual, dated November 2, 2018, disclosed under the heading "Seizures":

> Some people (about 1 in 4000) may have severe dizziness, seizures, epileptic seizures or blackouts triggered by light flashes or patterns, and this may occur while they are watching TV, playing video games or experiencing virtual reality, even if they have never had a seizure or blackout before or have no history of seizures or epilepsy. Such seizures are more common in children or young people under the age of 20. Anyone who has had a seizure, loss of awareness, or other symptom linked to an epileptic condition should see a doctor before using the [Odyssey Plus].

Doc. 11 at p. 14, *available at* https://www.samsung.com/us/support/downloads/?model=N0053114. That warning negates any failure-to-warn or fraudulent concealment claim because Samsung did, in fact, disclose the risk that Khader alleges was omitted or concealed.

The court may consider Samsung's November 2018 warning under Rule 12(b)(6) for two independent reasons. First, the complaint's "annexures" reproduce the warning and state that the manual is dated November 2018. Doc. 11 at pp. 14, 30; *see Phillips*, 714 F.3d at 1019-20 (noting that the court "must consider … documents attached to the complaint") (internal quotation marks omitted). Second, "the incorporation-by-reference doctrine provides that if a

4

plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting [the] defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). That doctrine applies here because the November 2018 seizure warning is both "referred to in the plaintiff's complaint," Doc. 1 at ¶¶ 6, 13, and "central" to his failure-to-warn and concealment claims, *Brownmark*, 682 F.3d at 690.

Finally, the complaint alleges that Microsoft issued a separate seizure warning in June 2018. Doc. 1 at ¶ 7. Khader claims that Microsoft's disclosure was insufficient because it failed to correct Samsung's deficient warning. *Ibid*. Even if Microsoft had a duty to correct deficient warnings issued by Samsung, Microsoft did not breach that duty because Samsung's November 2018 warning was sufficient.

## Conclusion

Pursuant to Rule 4(m), Khader is given until February 25, 2022, to serve Valve. Khader's claims against Valve, Samsung, and Microsoft are dismissed without prejudice, and Khader is given until February 18, 2022, to file an amended complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend … ."). If Khader does not file an amended complaint, the dismissal of his claims against Valve, Samsung, and Microsoft will convert automatically to a with-prejudice dismissal. If Khader files an amended complaint, Defendants shall file a responsive pleading by March 11, 2022.

January 28, 2022

United States District Judge

5