UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KHAJA M.M. KHADER, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 4632 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) | |
| MICROSOFT CORP., FACEBOOK, and VALVE | ) | |
| CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Khaja M.M. Khader brings this *pro se* diversity suit asserting negligence and strict product liability (for design defect and failure to warn) claims against Samsung Electronics America, Inc., Microsoft Corp., Facebook, and Valve Corp. Doc. 48. Facebook has not appeared, and the docket does not reflect that it has been served. Earlier this year, the court dismissed Khader's initial complaint and granted him leave to file an amended complaint, Docs. 46-47 (reported at 2022 WL 267917 (N.D. Ill. Jan. 28, 2022)), which he has done, Doc. 48. Samsung and Microsoft move separately under Civil Rule 12(b)(6) to dismiss the amended complaint, Docs. 50, 53, and Valve moves to dismiss under Rules 12(b)(5) and 12(b)(6), Doc. 51. Khader's claims against Valve are dismissed without prejudice under Rule 12(b)(5). Microsoft's and Samsung's motions are granted as to Khader's failure-to-warn claim and otherwise are denied.

## Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v.*

*N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Khader's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Khader as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

In September 2019, Khader played virtual reality video games using a Samsung Electronics HMD Odyssey+ Plus Microsoft Windows Mixed Reality Headset, which was jointly developed by Samsung and Microsoft. Doc. 48 at ¶¶ 10-11. Prior to using the headset, Khader read the relevant warning labels and directions. *Id*. at ¶ 11. The following morning—a few hours after using the headset—he experienced a seizure and fell unconscious. *Id*. at ¶ 12. The seizure caused medical problems requiring significant and ongoing medical treatment. *Id*. at ¶¶ 13, 15-19. Khader had no prior history of seizures. *Id*. at ¶ 14.

## Discussion

In seeking dismissal under Rule 12(b)(5), Valve argues that it has not been served properly under Rule 4 and applicable state law. Doc. 52 at 7-8. Khader fails to respond to Valve's Rule 12(b)(5) motion, Doc. 56, thereby forfeiting whatever opposition he might have asserted. *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss."); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) ("[E]ven pro se litigants … must expect to

file a legal argument and some supporting authority.") (second alteration in original). Because the court has already extended under Rule 4(m) the time for Khader to serve Valve, 2022 WL 267917, at *1, Khader's claims against Valve are dismissed without prejudice for failure to properly effectuate service. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011) ("A dismissal pursuant to a Rule 12(b)(5) motion ordinarily should be entered without prejudice.").

The amended complaint asserts claims against Samsung and Microsoft for negligence, Doc. 48 at ¶¶ 21-45; strict product liability for design defect, *id.* at ¶¶ 46-70; and strict product liability for failure to warn, *id.* at ¶¶ 71-94. As part of each claim, Khader alleges that Samsung and Microsoft failed to adequately test the Odyssey Plus headset. *Id.* at ¶¶ 27, 44, 69, 92.

Samsung and Microsoft submit that the court should construe the negligence and design defect claims as merely restating the failure-to-warn claim. Doc. 54 at 3, 8-9; Doc. 50 at 2-4. That is not the only fair reading of the complaint, particularly because "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (alterations omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)). Read as a whole, the complaint fairly alleges that Samsung and Microsoft are liable, in negligence or strict liability, for including a seizure-causing design defect in the headset. Doc. 48 at ¶¶ 25-27, 49-52. Other allegations in the complaint that Samsung and Microsoft failed to adequately warn users of that seizure risk, *id.* at ¶¶ 27, 44, 69, 71-94, do not oust or subsume the design defect allegations.

Samsung argues that the complaint sets forth insufficient detail "to demonstrate how the product was defective in design to make it unreasonably dangerous." Doc. 54 at 8 (citing *Corwin v. Conn. Valley Arms, Inc.*, 74 F. Supp. 3d 883, 890-91 (N.D. Ill. 2014)). True enough, the complaint

"does not specify the precise defect alleged," but that omission does not justify dismissal. *Bausch v. Stryker Corp.*, 630 F.3d 546, 560 (7th Cir. 2010) ("Although the complaint would be stronger with such detail, we do not believe the absence of those details … can support a dismissal under Rule 12(b)(6)."); *see also Tyler v. Bos. Sci. Corp.*, 2018 WL 2220531, at *3 (N.D. Ill. May 15, 2018) ("Here, [the plaintiff] sufficiently alleges the defective product, how and when he received it, approximately when his injury occurred, and the complications that arose from the [the product's use].  These allegations sufficiently serve the purpose of Rule 8 … .").  Given the limited information available to Khader at this juncture, the complaint contains enough detail to provide notice of his claims.  *See Bausch*, 630 F.3d at 561 ("[I]n analyzing the sufficiency of pleadings, a plaintiff's pleading burden should be commensurate with the amount of information available to them.") (internal quotation marks omitted).

Samsung further argues that Khader fails to allege a causal connection between his using the headset and his seizure.  Doc. 54 at 6-7; Doc. 59 at 3-4.  The complaint, however, alleges that "a neurologist … linked the seizure to the exposure to virtual reality and the games played" on the headset.  Doc. 48 at ¶ 16.  Pleading causation requires nothing more.

Samsung and Microsoft advance no other arguments that would support dismissing the negligence and strict liability for design defect claims.  Docs. 54 at 6-9; Doc. 50 at 4.  Accordingly, both claims survive dismissal.  *See Gutterman v. Target Corp.,* 242 F. Supp. 3d 695, 704 (N.D. Ill. 2017) ("Under Illinois law, a plaintiff can bring a claim that a product is defectively designed through causes of action in both negligence and strict products liability.") (citing *Blue v. Env't Eng'g, Inc.*, 828 N.E.2d 1128, 1141 (Ill. 2005) (plurality opinion)).  As part of those claims, Khader may seek to hold Samsung and Microsoft liable for inadequate testing. *See Springer v. Ethicon, Inc.*, 2018 WL 1453553, at *11-12 (N.D. Ill. Mar. 23, 2018) (Illinois

law) (holding "manufacturers have a duty to test their products to discover any defects or dangers associated with their use," but noting that a failure to test does not support liability independently because "a failure to test claim assumes the existence of some underlying defect or danger associated with the product").

The complaint does not state a viable failure-to-warn claim. Khader alleges that "Samsung and Microsoft did not adequately … warn [him] of the effects of using its headset." Doc. 48 at ¶ 92. But as the court previously observed:

> Samsung disclosed the risk of seizures in 2018, well before Khader used the Odyssey Plus in September 2019. Specifically, the Odyssey Plus's user manual, dated November 2, 2018, disclosed under the heading "Seizures":
>
> > Some people (about 1 in 4000) may have severe dizziness, seizures, epileptic seizures or blackouts triggered by light flashes or patterns, and this may occur while they are watching TV, playing video games or experiencing virtual reality, even if they have never had a seizure or blackout before or have no history of seizures or epilepsy. Such seizures are more common in children or young people under the age of 20. Anyone who has had a seizure, loss of awareness, or other symptom linked to an epileptic condition should see a doctor before using the [Odyssey Plus].
>
> That warning negates any failure-to-warn … claim because Samsung did, in fact, disclose the risk that Khader alleges was omitted … .

2022 WL 267917, at *2 (first alteration in original) (citation omitted).

Although the operative complaint does not expressly allege that Samsung provided the November 2018 warning, the court may nonetheless consider that warning in resolving the present motions. "An amended pleading does not operate as a judicial *tabula rasa*. … A district court is not required to ignore its prior decision, or its findings supporting a dismissal and grant of leave to amend, where, as here, the findings are based upon undisputed public information plaintiffs themselves brought before the district court." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1048 (7th Cir. 2019). Given the court's opinion and order dismissing the initial

complaint, to state a failure-to-warn claim, Khader needed to explain why the November 2018 disclosure is inadequate.

Khader's brief opposing dismissal implies that the November 2018 warning lacked sufficient detail because it omitted possible medical effects of a seizure and the fact that "health issues can happen after [a] few hours of usage." Doc. 56 at 1-2. But an adequate warning need not set forth every conceivable piece of information. To the contrary, and as the Seventh Circuit has explained, "[e]xtended warnings present several difficulties, first among them that, the more text must be squeezed onto the product, the smaller the type, and the less likely is the consumer to read or remember any of it." *Todd v. Societe BIC, S.A.*, 9 F.3d 1216, 1218-19 (7th Cir. 1993) (en banc) (Illinois law); *see also Weigle v. SPX Corp.*, 729 F.3d 724, 733 (7th Cir. 2013) (Indiana law) ("Insistence on more detail can make any warning, however elaborate, seem inadequate.") (citation omitted); *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 869 (7th Cir. 2010) (Virginia law) (noting that "information overload would make label warnings worthless to consumers"). Here, the November 2018 warning clearly disclosed the risk that using the headset could cause seizures, and Khader has not shown that Illinois law requires anything more than that "plain, clear and unambiguous" warning. *Kelso v. Bayer Corp.*, 398 F.3d 640, 642 (7th Cir. 2005).

Accordingly, Samsung's November 2018 warning defeats Khader's failure-to-warn claim. It follows that the complaint does not state a failure-to-warn claim against Microsoft either. 2022 WL 267917, at *3 ("Even if Microsoft had a duty to correct deficient warnings issued by Samsung, Microsoft did not breach that duty because Samsung's November 2018 warning was sufficient.").

**Conclusion**

Khader's claims against Valve are dismissed without prejudice under Rule 12(b)(5). Microsoft and Samsung's Rule 12(b)(6) motions are granted in part and denied in part. The motions are denied insofar as the complaint alleges negligence and strict product liability claims based on a design defect. The failure-to-warn claim against Microsoft and Samsung is dismissed under Rule 12(b)(6). The dismissal is with prejudice, as repleading the failure-to-warn claim would be futile and, in any event, Khader does not request an opportunity to replead. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."). Microsoft and Samsung shall answer the surviving portions of the operative complaint by July 21, 2022.

As for the claims against Facebook, Khader is ordered to show cause by July 21, 2022, why those claims should not be dismissed without prejudice for failure to effectuate service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). Khader's failure to show cause will result in dismissal without prejudice of those claims.

June 30, 2022

_____
United States District Judge

7