IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KHAJA M. M. KHADER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-cv-04632 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| SAMSUNG ELECTRONICS AMERICA, ) | |
| INC., et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Khaja M. M. Khader ("Plaintiff") brings his complaint for strict product liability and negligence against Defendants Samsung Electronics America, Inc. ("SEA") and Microsoft Corporation ("Microsoft") (collectively "Defendants"). In his complaint, Plaintiff alleges that he suffered a seizure after using a Samsung HMD Odyssey+ virtual reality headset equipped with Microsoft's Windows Mixed Reality operating system platform due to a design defect in the product. Defendants each filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants Defendants' motions.

**Background**

Before establishing the facts as set forth by the parties, the Court notes that Plaintiff failed to provide a response to either Microsoft's or SEA's Local Rule 56.1 Statement of Facts. (Dkt. 160.) This is the case even though both parties instructed Plaintiff on how to respond to their respective motions for summary judgment in accordance with Local Rule 56.2. (Dkt. 155, 159.) "When a party fails to comply with the local rule requiring a response to a statement of undisputed material facts, the court may rely on the opposing party's statement to the extent that it is supported by citations to relevant evidence in the record." *FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 634 (7th Cir.2005).

It does not matter whether the party is pro se; the party still must comply. *Coleman v. Goodwill Indus. of Southeastern Wis., Inc.*, 423 Fed. Appx. 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."). Because Plaintiff failed to file a response to either Microsoft's or SEA's Local Rule 56.1 statement of facts, the Court credits Defendants' uncontroverted version of the facts to the extent that it is supported by evidence in the record. (Dkt. 153, 157.)

On September 13, 2019, Plaintiff used a Samsung HMD Odyssey+ virtual reality headset equipped with the Windows Mixed Reality operating system to play three virtual reality games. (Dkt. 153, ¶ 2.) The next day, while visiting the Lincoln Park Zoo in Chicago, IL, Plaintiff suffered a seizure. (*Id.* at ¶ 1.) Microsoft did not develop, design, manufacture, sell or distribute the Samsung Odyssey+ virtual reality headset, *Id.* at ¶ 4, nor did it develop, design, manufacture, sell or distribute the video games Plaintiff played. (*Id.* at ¶ 5–7.) While Samsung's role as it relates to the virtual reality headset was to bring the product to market in the United States, the manufacturer of the headset was a separate entity, Samsung Electronics Co., Ltd. (Dkt. 157, ¶¶ 5–6.) By their own affidavits, at the time of the incident, SEA had never received any information or had any knowledge that the headset caused seizures, *Id.* at ¶ 7, nor had Microsoft received any report of a seizure occurring from use of the headset. (*Id.* at ¶ 11.) ¶

After Plaintiff filed his complaint on August 30, 2021, and after surviving two motions to dismiss, the case proceeded to discovery. During discovery, Plaintiff testified and admitted that he had no "technical" information about the design of the Samsung Odyssey+ virtual reality headset or the Windows Mixed Reality operating system and that his claims were based solely on internet searches. (Dkt. 153, ¶ 11–12.) Plaintiff also named no expert witness on the existence of a design defect or negligent design, produced no medical evidence that he had been diagnosed with photosensitive epilepsy, produced no medical evidence that any of the conditions he had been

diagnosed with involve seizures triggered by visual stimuli, and produced no evidence indicating that anything he saw while using the headset was capable of triggering an epileptic seizure or the seizure he suffered the following day. (*Id.* at ¶¶ 16–19).

Further, Plaintiff produced limited documents in discovery, primarily his medical records and printouts from third-party websites. (*Id.* at ¶ 10.) None of the documents produced by Plaintiff described a defect in the Windows Mixed Reality operating system; instead, the documents related to other types of display systems, other manufacturers' products, or visual quality issues unrelated to the occurrence of seizures. (*Id.* at ¶ 15.) The only medical record which references Plaintiff's use of the headset is a note which documents Plaintiff's own statements to his neurologist that were provided weeks after the incident. (*Id.* at ¶ 27.) Plaintiff's daughter, who is a dentist, also testified on his behalf, though she is not a neurologist or an expert in epilepsy and was not offering a medical opinion on the cause of Plaintiff's seizure. (Dkt. 157, ¶¶ 21–23.)

After the close of discovery, Defendants brought their respective motions for summary judgment. The Court now turns to Defendants' motions.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). After "a properly supported motion

for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

Plaintiff presents two design defect claims against Defendants, one under strict product liability and the other under negligence. Both suffer from the same fatal flaw: the lack of expert testimony establishing that the Samsung HMD Odyssey+ virtual reality headset and the Windows Mixed Reality operating system had a design defect that made the product "unreasonably dangerous" or deviate from the standard of care followed by the industry.

To succeed in a strict product liability claim based on a design defect, a plaintiff must establish: (1) a condition of the product that results from manufacturing or design; (2) the condition made the product unreasonably dangerous; (3) the condition existed at the time the product left the defendant's control; (4) the plaintiff suffered an injury; and (5) the injury was proximately caused by the condition. *Salerno v. Innovative Surveillance Technology, Inc.*, 402 Ill. App. 3d 490, 498 (2010) (citing *Mikolajczyk v. Ford Motor Co.*, 231 Ill. 2d 516, 543, 901 N.E.2d 329, 327 Ill. Dec. 1 (2008)). The key inquiry in this determination is whether the allegedly defective condition made the product "unreasonably dangerous." *Id.* Similarly, to succeed under a theory of negligence, a plaintiff must provide some evidence that the manufacturer "(1) deviated from the standard of care that other manufacturers in the industry followed at the time that the product was designed; or (2) knew or should have known, in the exercise of ordinary care, that the product was unreasonably dangerous and that it failed to warn of the product's dangerous propensity." *Id.* at 501 (citing *Blue v. Environmental Engineering, Inc.*, 215 Ill. 2d 78, 96, 828 N.E.2d 1128, 293 Ill. Dec. 630 (2005)).

For complex products, such as the virtual reality headset and operating system at issue here, expert testimony is essential to determine whether the design of a product was unreasonably dangerous or deviated from the standard of care. *See Salerno*, 402 Ill. App. 3d at 501 ("Because

products liability actions involve specialized knowledge or expertise outside of a layman's knowledge, the plaintiff must provide expert testimony on the standard of care and a deviation from that standard to establish either of these propositions."). As such, the failure to provide such testimony "regarding any alleged design defect or dangerousness is fatal" to a plaintiff's claim at summary judgment. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 773 (7th Cir. 2015); *see also Kirk v. Clark Equip. Co.*, 991 F.3d 865 (7th Cir. 2021) (collecting cases).

While Plaintiff states that at trial he will "provide the jury with expert testimony that can explain how a virtual reality [device] triggers a seizure . . . and [the] long-term effects of using virtual reality," (Dkt. 160, ¶ 15), he has not provided any such testimony for consideration at summary judgment. And by his own repeated admission, Plaintiff does not himself possess the expertise necessary to evaluate the design of the virtual reality headset and operating system and instead relies on information from the internet to support his claim. (Dkt. 153, Ex. A, pp. 141–43.) Just as "it is not enough for a plaintiff to simply say that there was a better way to design the product without such expert testimony," it too is not enough for a plaintiff to simply say that a design defect exists in a product without such expert testimony. *Salerno*, 402 Ill. App. 3d at 501 (citing *Baltus v. Weaver Div. of Kidde & Co., Inc.*, 199 Ill. App. 3d 821, 831, 145 Ill. Dec. 810, 557 N.E.2d 580 (1990)).

Failing to provide expert testimony to support his design defect allegations is not the only fatal flaw in Plaintiff's strict product liability and negligence claims. Plaintiff also fails to provide evidence—including expert testimony—establishing that his use of the Samsung HMD Odyssey+ virtual reality headset and Windows Mixed Reality operating system caused his seizure. At summary judgment, "[c]onclusory allegations by the party opposing the motion cannot defeat the motion." *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."). And in strict product liability or negligence cases, to survive summary judgment, "a

plaintiff must point to relevant, outstanding factual issues that could show with reasonable certainty that the product's defect caused the injury." *Schuring v. Cottrell, Inc.*, 244 F. Supp. 3d 721, 735 (N.D. Ill. 2017) (Kendall, J.).

As with the question of the design defect, here, while Plaintiff asserts that the virtual reality headset and operating system caused his seizure, he admits that he neither has expertise in assessing the causes of seizures nor spoke with anyone with such expertise. (Dkt. 153, Ex. A, pp. 141–49.) The news articles and research studies that Plaintiff provides speak to the potential dangers of virtual reality devices and platforms generally, not to the products in question, and therefore are not relevant to the case at hand. (Dkt. 160, Ex. 2–5.) And the only medical opinion and record Plaintiff provides are from his daughter, who is not an expert in neurology or seizure disorders and would not testify at trial as such, (Dkt. 157, Ex. D, pp. 15, 54–55), and an unauthenticated—and therefore inadmissible—note from his doctor in which the doctor recounts what Plaintiff told him about the incident. (Dkt. 153, Ex. A, pp. 81–84.) More evidence is necessary for Plaintiff's claims to survive summary judgment; none is provided.

Plaintiff's search for an explanation and desire to hold someone accountable for his unexpected seizure and difficult recovery is understandable. But "even *pro se* litigants must follow rules of civil procedure." *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993). As such, speculative and unsupported allegations brought before federal court must be treated appropriately.

For these reasons, Plaintiff's claims fail and summary judgment is granted for Defendants.

**Conclusion**

Because Plaintiff provides no expert testimony to support his claims of design defect under a theory of strict product liability or negligence nor provides any expert testimony or admissible

evidence that Defendants' products caused his seizure, the Court grants Defendants' motions for summary judgment [152], [156].

**IT IS SO ORDERED.**

Date: 11/26/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge